UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

JUL 02 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Mack Wells & Maurice Symonette,

    Plaintiffs,

Vs.

State of Florida, U.S. Bank, N.A.

    Defendants.

_____/

## NOTICE OF REMOVAL CHANGE OF VENUE

## FLORIDA STAT. CH. 78.01 & 28 U.S.C. 1391 VENUE

**COMES NOW,** Plaintiffs, Mack Wells & Maurice Symonette, sui juris, and files for Notice of Removal due to States Court Lack of jurisdiction and Civil Rights Violations, Criminal Acts in Conspiracy with the Governor and Miami-Dade County Clerk of Court who was illegally appointed by the governor Pursuant to Florida Constitution Articled VIII Section 1, Article V Section 16, Article III Section 11 (A)(1). By the Governor Ron DeSantis illegally appointing the Clerk of Court to Miami-Dade County I have been psychologically tortured and terrorized by the Clerk of Court and his staff. The Governor had jurisdiction to prevent the Clerk's action but fail his duties to We The People, pursuant to Article IV Section 1 (a) & (b) and 42 U.S.C. 1983 AND 42 U.S.C. 1986. The Mayor Daniella Levine Cava had power to order the clerk of Court and her Sheriff's and their staff to stop their criminal acts towards us as victims, they retaliated further and committed first degree felonies. See Florida Statutes Section 914.23. Chief Judge and the General Counsel were notified and they to fail to perform their duties to prevent the Clerk of Court from Retaliating against victims. Bureau of Compliance for the Miami-Dade County Police were notified with the case number secured against all conspirators in their political positions as each has taken an oath of office and fail to report violating 18 U.S.C. 4 Misprision of Felony, and 18 U.S.C. 2382 Misprision and Treason. Each had a duty under 18 U.S.C. 3041 MAYOR, CHIEF

JUDGE, GOVERNOR, CLERK OF COURT and all others listed in the aforementioned codes have committed criminal offenses towards us as victims. Due to the severity of the criminal activity and the political parties involved, it is the Plaintiff's positions that they have not and will not receive fair hearings, trials, warrants for charges filed and grand jury indictments because of their party affiliations and constituents within this jurisdiction. Plaintiff's contends their rights to not be denied Notice of Removal in accordance with Florida Constitution Article III Section 11 (a) (1) & (6).

By changing venue, it will not be of any inconvenience to the witnesses due to there being no witnesses. Only victims and perpetrators of crimes.

A transfer to federal court is true and proper because foreclosures with Fannie Mae and HUD cannot be foreclosed in state court.

The laws that is applicable and controlling in this case are regulated and enforced in federal court and the state court will be compelled in another forum writ of mandamus to comply with their own laws, constitutions, and rules. It will be in the interest of justice to change the venue to federal court.

By the case being forwarded to the Federal Court s jurisdiction, it will not take up or waste the courts time. All laws that apply to this case is prima facie and will acquire an effective and sufficient result. All pleadings will be succinct and accomplish their desired results effectively and expeditiously.

By respectfully moving this case to the federal court the state court will be in compliance with our inalienable rights, laws of the United States and state of Florida, Constitutions of both federal and state, and their oaths of office.

## ULTIMATE FACTS WITH CONCLUSION OF LAW

Section 1404(a) of Title 28 provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought."

Any party, including plaintiff, may move for a transfer under 28 U.S.C. § 1404(a). I-T-E- Circuit Breaker Co. v. Regan, 348 F.2d 403 (8th Cir. 1965); American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980). A party may move for transfer, even if it has waived any objection to venue. Montgomery Ward & Co. v. Anderson Motor Service, Inc., 339 F. Supp. 713, 718 n.3 (W.D. Mo. 1971). The court may also transfer an action sua sponte. Lead Industries Association, Inc. v. Occupational Safety and Health Administration, 610 F.2d 70,

79 n.17 (2d Cir. 1979); Mobil Corp. v. S.E.C., 550 F. Supp. 67, 69 (S.D.N.Y. 1982). While 28 U.S.C. § 1404(a) contains no time limit for the filing of a motion, the motion may be denied if the passage of time or any delay causes undue prejudice or is considered dilatory. See American Standard, Inc., 487 F. Supp. at 261, and cases cited. "The moving party has the burden of proof and must make a convincing showing of the right to transfer." Id.

The power of the court to transfer is limited to those districts or divisions where the case "might have been brought." 28 U.S.C. § 1404(a); American Standard, 487 F. Supp. at 261, and authorities cited. Thus, a transfer would be denied where some defendants would not be subject to jurisdiction or where the venue would be improper in the transferee forum as to any defendant. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 819 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983); Security State Bank v. Baty, 439 F.2d 910, 912 (10th Cir. 1971); Lamont v. Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978).

One of, if not the most important factors to be considered, is that of convenience of the witnesses. In this regard, the inquiry is directed not at the numbers, but rather at the nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify. See Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 48 (E.D. Pa. 1982); Capitol Cabinet Corp. v. Interior Dynamics, Ltd., 541 F. Supp. 588, 591 (S.D.N.Y. 1982).

Another of the very important factors is the "interest of justice" -- a factor susceptible to a wide variety of definitions. For example, a court might properly consider the degree "of uncertainty in transferor state law." See Van Dusen v. Barrack, 376 U.S. 612 (1964). Other examples of matters considered under rubric of "interest of justice" are efficient use of judicial resources and avoidance of unnecessary waste and expense; Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27 (1960); Smithkline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52, 55 (D.C. Del. 1975); avoidance of inconsistent adjudications and "possibility of prejudice to the plaintiffs flowing from that transfer," Amoco Production Co. v. U.S. Dept. of Energy, 469 F. Supp. 236, 244 (D.C. Del. 1979); "familiarity of the court with the state law to be applied and the desirability of having localized controversies decided at home," Mutual of Omaha Ins. Co. v. Dolby, 531 F. Supp. 511, 514 (E.D. Pa. 1982), and cases cited; and permitting the transferee judge to interpret his outstanding protective order and familiarity of transferor judge with relevant documents. Mobil Corporation, 550 F. Supp. at 71. "The factor of the

convenience of parties and witnesses must also be measured in terms of the interest of justice." See American Standard, 487 F. Supp. at 264. The level of congestion of the respective courts, dockets and the speed with which the dispute can be resolved are also proper matters to be considered. See Securities and Exchange Commission v. Savoy Industries, Inc., 587 F.2d 1149, 1156 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).

See Lease agreements on Exh. 1,2,3

An ORDER MUST BE rendered to have jurisdiction over this case and subject matter forwarded to the Federal courts.

## Oath

**I DECLARE UNDER PENALTY OF PERJURY**, that all the facts stated herein are true and correct to the best of my knowledge and ability. And that the facts stated herein were made of my own accord, Executed this 1st day of July 2024.

/S/MACK WELLS

MACK WELLS

15020 S. RIVER DR

MIAMI FL. 33167

/S/MAURICE SYMONETTE

MAURICE SYMONETTE

15020 S. RIVER DR

MIAMI FL. 33167

CC:file/MM/MS

Proof of service

Homeland Security Investigation

11226 NW 20th Street

Miami, Fl. 33172

Certified Receipt:

Federal Bureau of Investigation

2030 SW 145th Avenue

Miramar, Fl. 33027

Certified Receipt:

US Attorney General Merrick B. Garland,

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

openjustice@doj.ca.gov

Certified Receipt:

Fraud Enforcement and Recovery Act

Florida Attorney General Ashley Moody,

Office of the Attorney General

State of Florida

PL-01 The Capitol

Tallahassee, FL 32399-1050

citizenservices@myfloridalegal.com

Certified Receipt:

State Wide Prosecutor Nicolas B. Cox

3507 E Frontage Rd. Ste 325

Tampa, Florida 33607-1795

Certified Mail Receipt:

Miami-Dade County Office of the inspector General

601 NW 1st Court 22nd Floor

Miami, Florida 33136

Certified Receipt:

Office of Miami Dade County State Attorney:

Katherine Fernandez Rundle

1350 NW 12th Ave

Miami, Fl 33136-2102

Certified Receipt:

Chief Justice John Roberts

1 First Street North East

Washington D.C. 20543

Certified Receipt:

Antonio Guterres United Nation

C/O 405 East Forty Second Street

New York, New York 10017

Certified Receipt:

Governor Ron DeSantis

400 S. Monroe Street

Tallahassee, Florida 32399

Certified Receipt:

President Joe Biden

1600 Pennsylvania Avenue NW

Washington D.C. 20500

Certified Receipt:

Donald J. Trump

The Mar-a-Lago Club

1100 South Ocean Blvd,

Palm Beach, Florida 33480

Electronically Served:

Altanese Phenelus, yvaldes@miamidade.gov

Carlos Calle, mrstreetsproductions@gmail.com

Carlos Calle, mrstreetsproductions@gmail.com

Carlos Calle, mrstreetsproductions@gmail.com

Elizabeth Sardinas, esardinas@bakerdonelson.com

Elizabeth Sardinas, nleone@bakerdonelson.com

Elizabeth Sardinas, fllservice@bakerdonelson.com

Eve A Cann, ecann@bakerdonelson.com

Eve A Cann, lbettencourt@bakerdonelson.com

Eve A Cann, nleone@bakerdonelson.com

Giuseppe Salvatore Cataudella, FLeFileTeam@brockandscott.com

Giuseppe Salvatore Cataudella, FL:CourtDocs@brockandscott.com

Giuseppe Salvatore Cataudella, CourtXpress@firmsolutions.us

Harve Humpsy, Courts@Journalist.com

JOHN WESTLEY, TheWomb@USA.com

Jennifer L Warren, jwarren@northmiamifl.gov

Jennifer L Warren, cityattorney@northmiamifl.gov

Jessica Faith Watts, jwatts@quinnlegal.com

Jessica Faith Watts, eservice@quinnlegal.com

Jessica Faith Watts, kmiller@quinnlegal.com

Jessica Jo Fagen, lawfirmFL@rauschsturm.com

Case No: 2010-061928-CA-01 Page 2 of 3

Jessica Jo Fagen, jfagen@rauschsturm.com

Jessica Jo Fagen, abcfleservice@abclegal.com

Jimmy Keenan Edwards, FLeFileTeam@brockandscott.com

Jimmy Keenan Edwards, FLCourtDocs@brockandscott.com

Jimmy Keenan Edwards, CourtXpress@firmsolutions.us

John Westley Mr., WombTV@gmail.com

Jonathan S Wilinsky, FLeFileTeam@brockandscott.com

Jonathan S Wilinsky, CourtXpress@firmsolutions.us

Jonathan S Wilinsky, FLCourtDocs@brockandscott.com

Julie York, FLCourtDocs@brockandscott.com

Julie York, ECCM-FL@provana.com

Justin James Kelley, FLeFileTeam@brockandscott.com

Justin James Kelley, FLCourtDocs@brockandscott.com

Justin James Kelley, CourtXpress@firmsolutions.us

Kara Leah Fredrickson, FLeFileTeam@brockandscott.com

Kara Leah Fredrickson, FL.CourtDocs@brockandscott.com

Kara Leah Fredrickson, CourtXpress@firmsolutions.us

Laura Ashley Jackson, FLeFileTeam@brockandscott.com

Laura Ashley Jackson, CourtXpress@firmsolutions.us

Laura Ashley Jackson, FLCourtDocs@brockandscott.com

Matthew Marks, FLeFileTeam@brockandscott.com

Matthew Marks, FLCourtDocs@brockandscott.com

Matthew Marks, ECCM-FL@provana.com

Michael R Esposito, Michael.Esposito@BlankRome.com

Michael R Esposito, BRFLeservice@blankrome.com

Michael R Esposito, sol.cruz@blankrome.com

Nashid Sabir, nashidlaw@gmail.com

Nashid Sabir, brian@bluoceanlaw.com

Nashid Sabir, nashidlaw@gmail.com

Shaib Y Rios, FLeFileTeam@brockandscott.com

Shaib Y Rios, FLCourtDocs@brockandscott.com

Shaib Y Rios, ECCM-FL@provana.com

Spencer D. Leach, sleach@bakerdonelson.com

Spencer D. Leach, vscarboro@bakerdonelson.com

Spencer D. Leach, fllservice@bakerdonelson.com

- William Henry Stafford III, william.stafford@myfloridalegal.com

  William Henry Stafford III, complexlitigation.eservice@myfloridalegal.com

  William Henry Stafford III, alisha.robinson@myfloridalegal.com

  Willnae Lacroix, FLeFileTeam@brockandscott.com

  Willnae Lacroix, FLCourtDocs@brockandscott.com

  Willnae Lacroix, courtxpress@FirmSolutions.us

  maurice symonette, bigboss1043@yahoo.com